## HAWKEYE CASUALTY CO. v. ROSE et al.

### No. 14054.

United States Court of Appeals Eighth Circuit.

April 21, 1950.

Roy F. Carter, Paul C. Sprinkle, William F. Knowles and Sprinkle & Knowles, Kansas City, Mo., were on brief for appellant.

Julian M. Levitt, Bernard T. Hurwitz and Eugene Taxman, Kansas City, Mo., were on brief for appellees.

Before GARDNER, Chief Judge, and JOHNSEN and RIDDICK, Circuit Judges.

GARDNER, Chief Judge.

The question for decision in this case is whether the appellee David Rose is entitled to protection under a liability insurance policy issued by appellant, Hawkeye Casualty Company. The parties will be referred to as they were designated in the trial court. The essential facts are not in dispute and so far as here material they may be stated as follows:

Defendant David Rose purchased a new Dodge automobile in 1940 and had the title thereto taken in the name of his wife Bell Rose. This automobile was stolen from a parking lot in Kansas City, Missouri, about March 13, 1947. In May, 1947, it was recovered by the police in Brooklyn, New York, and at about the same time a policy of automobile liability insurance covering this automobile was issued by plaintiff, naming Bell Rose as the insured. At the time the car was reported as recovered Bell Rose was seriously ill and her husband, David Rose, with the knowledge and consent of his wife, arranged with the defendants Stanley H. Schwartz and Lillian G. Schwartz, who were then in New York City, to drive the car back to Kansas City. To enable the defendants Schwartz to get possession of the car from the New York police for the purpose of driving it back to Kansas City, Bell Rose signed a written authorization acknowledged before a Notary Public, authorizing them to take possession of the automobile. Pursuant to this authorization they obtained possession of the automobile and advised David Rose by letter that certain tools were missing from the car. Stanley H. Schwartz and his wife, Lillian, subsequently drove the car from New York City but while enroute were injured in an accident when the automobile went off the highway near Columbia, Missouri, on June 2, 1947. Upon being advised of the accident David Rose notified plaintiff. On September 12, 1947, an action was brought in the Circuit Court of Jackson County, Missouri, by defendant Stanley H. Schwartz against David Rose for injuries to himself and for loss of the services of his wife because of injuries resulting from the alleged negligence of David Rose in failing to reveal certain latent defects in the car of which he had knowledge and of which Mr. and Mrs. Schwartz were ignorant. Plaintiff undertook the defense of that action without reservation, prepared and filed an answer on behalf of David Rose, took depositions in preparation for trial, and represented David Rose by counsel of its selection. Its attorneys continued in charge of the defense of the State Court action until it brought the present suit against both parties to the action in the State Court with Mrs. Schwartz added. The present suit was filed more than ten months after the action in the State Court was instituted. In the present suit plaintiff seeks a declaratory judgment to the effect that "there is no obligation owed by this plaintiff to any of the defendants." This suit was brought and tried by plaintiff on the theory that the terms of the policy were not broad enough to protect David Rose.

The policy named Bell Rose as the insured and the owner of the car. The coverages were for "bodily injury liability" and "property damage liability." There were other provisions covering liability for contingencies not here involved. The insurance clause contains the following:

"Name of Insured: Bell Rose (Wife 61: Husband 60: Husband Drives)

Address: Villa Serena Apts., 325 Ward Parkway, Kansas City, Missouri.
* * * * * *
Occupation of Insured is Housewife. Husband, Dave Rose, Retired.
* * * * * *"

Under the heading "Insuring Agreements" appears the following:
"III Definition of 'Insured'.

The unqualified word 'insured' wherever used in coverages A and B in other parts of this policy * * * includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person * * * legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured:"

This provision was followed by certain exceptions not here pertinent.

The trial court found the issues in favor of the defendants and found specifically that the possession of the automobile "by the defendants Stanley H. Schwartz and Lillian G. Schwartz on June 2, 1947, was for and on behalf of the defendant David Rose, and that the use of said automobile by the said David Rose was with the permission of the named insured," and entered

judgment dismissing plaintiff's complaint. In seeking reversal plaintiff contends that the court erred in making these findings and in dismissing the suit.

 Manifestly, the word "insured" as used in the policy was not intended by the parties to be limited to Bell Rose. Had that been the intent of the parties there would have been no necessity for defining the word "insured." The policy was written on a form prepared by plaintiff and the quoted paragraph should be given some meaning. It included the named insured and certainly it was intended to include others besides the named insured. These others are described as "any person while using the automobile and any person * * * legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured." David Rose is named in the policy as a driver of the car and as the husband of Bell Rose. He, in fact purchased the car and he habitually drove it. He with the consent of the owner, secured possession of the car from the New York police officers through negotiations with the defendants Schwartz. The trial court found that David Rose was in possession of the car through the other defendants. The court also found in finding No. 1 that David Rose was included as a person "legally responsible for the use thereof." We think this was a permissible construction of this paragraph. Samuels v. American Automobile Ins. Co., 10 Cir., 150 F.2d 221, 160 A.L.R. 1191; American Automobile Ins. Co. v. Taylor, D.C., 52 F.Supp. 601. There can be no doubt that David Rose had permission to use the car. He was mentioned in the policy as the driver and there was written authority from the named insured to secure possession of the car from the police officers. Permission to use an automobile, as the word is used in the quoted paragraph of the insurance policy, may be implied from the conduct of the named insured. American Casualty Co. of Reading Pa. v. Windham, 5 Cir., 107 F.2d 88; Aetna Life Ins. Co. v. Chandler, 89 N.H. 95, 193 A. 233; Card v. Commercial Casualty Ins. Co., 20 Tenn.App. 132, 95 S.W.2d 1281, 1285. In Card v. Commercial Casualty Insurance Co., supra, it is among other things said,

"It is not necessary that the named assured signify his 'permission' in any particular manner. It is sufficient if he signifies the permission by a course of conduct, and under some circumstances mere silence may be sufficient."

Aside from the permission which David Rose had to possess, use and control the car as shown by the course of conduct, he had express permission in writing from Bell Rose to delegate his authority to the defendants Schwartz. David Rose had the right and authority to direct and control the automobile. He specifically directed Schwartz to return the car to Kansas City. Bell Rose was at the time seriously ill and confined to the hospital, the illness resulting in her subsequent death. It was David Rose who consummated the arrangements with Stanley H. Schwartz for the return of the car, and he had a personal interest in the car. Stanley H. Schwartz and his wife in returning the car were acting under the authority of David Rose and in his interest.

██ If there is ambiguity in this insurance contract it should be construed most strongly against the insurer because it prepared the contract. Evans v. Equitable Life Assur. Society, Mo.App., 109 S.W.2d 380; Prudential Ins. Co. of America v. King, 8 Cir., 101 F.2d 990; Spaunhorst v. Equitable Life Assur. Society, 8 Cir., 88 F.2d 849; Johnson v. Maryland Cas. Co., 7 Cir., 125 F.2d 337.

 Assuming that there is ambiguity in this contract, then the practical construction placed upon it by the parties is of controlling importance. Sternberg v. Drainage Dist. No. 17, 8 Cir., 44 F.2d 560; Thomson v. Thomson, 8 Cir., 156 F.2d 581; Floyd v. Ring Const. Corp., 8 Cir., 165 F.2d 125; Prudential Ins. Co. of America v. King, supra; State ex rel. Northwestern Mutual Life Ins. Co. v. Bland, 354 Mo. 391, 189 S.W.2d 542, 161 A.L.R. 423; Scotten v. Metropolitan Life Ins. Co., 336 Mo. 724, 81 S.W.2d 313. When the accident occurred during the time the defendants Schwartz were returning this car from New York to

Kansas City, David Rose at once notified plaintiff, on the theory that he was within the protection of the policy, and plaintiff at once, in apparent recognition of its duty to protect David Rose, took charge of the defense of the claim against him. As has been observed, when the action was commenced in the State Court by Stanley H. Schwartz against David Rose for injuries to himself and wife, alleging that the injuries resulted from the negligence of David Rose, plaintiff undertook the defense of that action without reservation and has assumed exclusive charge of the defense without questioning its responsibility so to do until it filed the present suit. This conduct of the parties to the contract was indicative of their intention. This practical construction by the parties clearly indicated that the coverage provisions of the policy included David Rose, and the court, we think, should adopt that construction.

As this conclusion compels an affirmance of the judgment appealed from, we pretermit consideration of other contentions urged upon us.

The judgment appealed from is therefore affirmed.