IMPERIAL CASUALTY & INDEMNITY
CO., Appellant,

v.

Morris and Gertrude RELDER, and The
Home Indemnity Company, Appellees.

No. 17005.

United States Court of Appeals
Eighth Circuit.

Oct. 10, 1962.

762

Albert Thomson, Kansas City, Mo., made argument for appellant and Harold T. VanDyke, Clarence W. Finley, Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, Mo., were with him on the brief.

Richard P. Sprinkle, Kansas City, Mo., made argument for appellees Relder and was on the brief with counsel Sprinkle, Carter, Sprinkle & Larson, Kansas City, Mo.

Lucian Lane, Kansas City, Mo., made argument for appellee Home Indemnity Co. and John Murphy, Tucker, Murphy, Wilson, Lane & Kelly, Kansas City, Mo., were with him on the brief.

Before VOGEL and VAN OOSTERHOUT, Circuit Judges, and VAN PELT, District Judge.

VOGEL, Circuit Judge.

The sole question in this appeal involves the construction of appellant's liability insurance policy with reference to after-acquired automobiles. On August 12, 1959, appellant issued its policy No. ACF 324908 wherein a 1956 Oldsmobile coupe was described as the owned automobile and Morris Relder was the named insured. The policy in question was designated a "Family Combination Automobile Policy". Among other things, it provided as follows:

> "2. Premium: If the named insured disposes of, acquires ownership of or replaces a private passenger, farm or utility automobile or, with respect to Part III, a trailer, he shall inform the company during the policy period of such change. Any premium adjustment necessary shall be made as of the date of such change in accordance with the manuals in use by the company. The named insured shall, upon request, furnish reasonable proof of the number of such automobiles or trailers and a description thereof."

The "policy period" was set forth as "from August 12, 1959 to August 12, 1960".

At the time of the issuance of the policy, August 12, 1959, Relder owned only the 1956 Oldsmobile. In October of 1959, however Relder purchased a 1959 Oldsmobile but at that time made no report thereof to the appellant or its agent. He did apply for and was issued

policy No. 7064329 by the Home Indemnity Company covering the 1959 Oldsmobile in force from October 21, 1959, to April 21, 1960, and subsequently renewed from April 21, 1960, to October 21, 1960. In the Home Indemnity Company policy, Morris Relder and Gertrude Relder, his wife, were the named insureds.

On June 19, 1960, which was during the policy period, Relder was returning from Los Angeles to Kansas City, Missouri, accompanied by Miss Babette Kleiner. Miss Kleiner was driving the 1959 Oldsmobile and Mr. Relder was a passenger therein. At that time they were involved in a very serious automobile accident. After the accident but still during the policy period appellant received actual notice of the acquisition by Relder of the 1959 Oldsmobile and also of the occurrence of the accident in California on June 19, 1960.[1]

Appellant brought this declaratory judgment action to determine whether or not its Family Combination Automobile Policy covered the after-acquired 1959 Oldsmobile which was involved in the accident of June 19, 1960. In holding that the policy did cover the after-acquired 1959 Oldsmobile, the trial judge stated:

"It would appear under the plain terms of the insurance contract that after acquired automobiles would be properly covered under the policy, unless there was a written exclusion

attached to the policy. In fact, the insured only upon request need furnish reasonable proof of the number of such automobiles.

"While insurance policies are a matter of contract, the particular intention of the assured should not be controlling in all cases where rights of other parties are involved. The construction of this contract should be upon the basis of the written contract itself and not upon any subjective intention of the parties. Many individuals acquiring or purchasing insurance policies do not know and are not aware of the extent of coverage of such policies. Where no misrepresentations have been made, such as was made in the Wise v. Strong case, [Mo.App., 341 S.W.2d 633] as to the number of automobiles owned at the time the policy was issued, the rights of the assured and any intervening third parties should be governed under the plain and unambiguous terms of the policy itself. Also, it is alleged that sales representations were made that such policy covered after acquired automobiles from the date of acquisition of such automobiles. The insurance company could easily have stated in its policy a requirement that any after acquired property be reported in a certain length of time and thus have set the standard for coverage in such cases. The only

1. Appellant does claim here on appeal that Relder did not comply with condition 2 of the policy as to giving notice during the policy period of the acquisition of another automobile. In view of the undisputed record, the making of that contention is most surprising. The agent and general counsel for the appellant admitted in an affidavit supporting appellant's motion for summary judgment that "2. Plaintiff was never informed nor had any knowledge of the acquisition of a certain 1959 Oldsmobile, allegedly acquired by said Relders in October, 1959, or of an accident alleged to have occurred in California on June 19, 1960, *until about July 26, 1960.*" (Emphasis supplied.) Additionally, the record discloses that on July 19 or 20, 1960, Relder instructed Wasserman, Home Indemnity agent, to report the matter to Swade, agent for the the appellant, and that this was done. Relder's attorney also advised the appellant of the acquisition of the 1959 Oldsmobile and the accident and as a result one of the appellant's agents, a Mr. Ferguson, called to see Relder in the hospital during July, 1960, and discussed with him the question of the appellant's liability for medical bills. At that time Ferguson told him that, "[T]he liability was still in question and he could not answer about it at that time, but Imperial would take care of the $1,000 medical payments." Appellant's contention of lack of notice "during the policy period" is unworthy of further consideration.

requirement here made was that the addition of such after acquired property be reported during the policy period."

Appellant's primary contention is that the intent of the parties, as shown by their actions, was that the policy should not provide coverage for the after-acquired 1959 Oldsmobile which was involved in the collision. Appellant directs attention to the fact that when Relder acquired the 1959 Oldsmobile approximately two months after the issuance of the policy with which we are here concerned he did not advise the appellant; that instead he called the agent of another insurance company and directed insurance on the 1959 Oldsmobile from Home Indemnity Company; that he at no time reported to the appellant or its agent the acquisition of the 1959 Oldsmobile until subsequent to the accident of June 19, 1960; that in answer to the question, "Was it your intention that the policy of insurance issued by the Imperial Casualty & Indemnity Company cover the 1959 Oldsmobile?", he stated, "Well, I didn't intend that it did or that it didn't."; and that he had not intended to pay the Swade agency [appellant's representative] additional premium for the 1959 Oldsmobile.

There is no quarrel with reference to appellant's statement of the general law of Missouri and elsewhere regarding the construction of insurance contracts. Appellant quotes the rule as expressed by Judge Johnsen for this court in United States v. Springfield Fire & Marine Ins. Co., 8 Cir., 1953, 207 F.2d 935, 938, as follows:

"It is of course the rule, both in Missouri and generally, that, *except where the language of a contract is as a matter of law required to be given a certain meaning or scope,* the parties are entitled, consistent with the language which they have used, to have their agreement read on the basis of what they themselves in fact intended, understood or have recognized its meaning and scope to be. Ellis v. Harrison, 104

Mo. 270, 16 S.W. 198; North St. Louis Building & Loan Ass'n v. Obert, 169 Mo. 507, 69 S.W. 1044; P. R. T. Inv. Corp. v. Ranft, [363 Mo. 522] Mo.Supp., 252 S.W.2d 315; Order of United Commercial Travelers v. Sevier, 8 Cir., 121 F.2d 650, 654; Hawkeye Cas. Co. v. Rose, 8 Cir., 181 F.2d 157." (Emphasis supplied.)

This court also said, in Trinity Universal Ins. Co. v. Cunningham, 8 Cir., 1939, 107 F.2d 857, 860:

"It is a general rule of law that an insurance policy must be interpreted to give effect to the intention of the parties so far as such intention can be discovered from the language of the policy and where the meaning of an insurance policy is fairly susceptible of two constructions, it should be construed most strongly in favor of the policy holder. Jaloff v. United Auto Indemnity Exchange, 120 Or. 381, 250 P. 717; Whitlock v. United States Inter-Insurance Ass'n, 138 Or. 383, 6 P.2d 1088."

But in Continental Casualty Co. v. Wagner, 8 Cir., 1952, 195 F.2d 936, 938, we also said:

"* * * *And where the meaning of a contract of insurance can be fully and clearly ascertained from its language, courts may not resort to surrounding circumstances or the conduct of the parties in aid of its interpretation.* Rose v. New York Life Ins. Co., 127 Ohio St. 265, 187 N.E. 859; Mosher v. Equitable Life Assurance Society, 57 Ohio App. 435, 14 N.E.2d 413, 415–416." (Emphasis supplied.)

■■ In construing appellant's contract of insurance, we must give to its terms their plain and ordinary meaning where that appears clear. Courts have no license to search out and find ambiguity where none exists and thus afford opportunity to bend out of proportion the clearly expressed agreement of the parties. Of course, if there exists ambiguity in the language of the policy

contract, the courts are not so bound. Under such circumstances, the construction determined upon must be most strongly against the insurer as the writer of the contract. Hawkeye Casualty Co. v. Rose, 8 Cir., 1950, 181 F.2d 157, 159. Expressed another way, if the ambiguity, when so determined, be susceptible of two interpretations, then the interpretation which affords coverage to the insured must be accepted. Allstate Insurance Co. v. Hartford Accident & Indemnity Co., Mo.App.1958, 311 S.W.2d 41, 47.

■ We think here, however, that no ambiguity exists. It seems perfectly clear that the policy was written to afford automatic coverage for after-acquired automobiles. Patently, it does not cover other automobiles owned by the insured at the time of the issuance of the policy, the ownership of which was not disclosed or declared, as was the situation in Wise v. Strong, Mo.App. 1960, 341 S.W.2d 633, a case most heavily relied on by the appellant. There the insured owned two automobiles. In obtaining a family automobile policy he described but one automobile and misrepresented and concealed the fact that he owned a second automobile, which was later involved in an accident. The Missouri court found no coverage for the unnamed automobile. The case is no authority for appellant's contention here. The Missouri court there also pointed out that it was a condition of the policy that it was issued in reliance upon the truth of the representations made.

The meaning of condition 2 in the policy with which we are here involved seems to us open and clear. It requires no constructions, strained or otherwise. It is not susceptible of different interpretations. Each of the three possibilities described—that is, if the named insured "disposes of, acquires ownership of or replaces a private passenger * * automobile"—are separate and distinct and refer to automobiles the insured may "dispose of", "acquire ownership of", or "replace". That two or more automobiles are contemplated by the

policy is also made clear by the sentence, "The named insured shall, upon request, furnish reasonable proof of the number of such automobiles * * * and a description thereof."

The policy provides for notice to the company only "during the policy period of such change", an extremely liberal provision which undoubtedly the appellant used in its sales advertising by drawing comparison with standard policies requiring notice of change, acquisition or replacement of automobiles within a much more limited period. Further, the policy provided, "Any premium adjustment necessary shall be made as of the date of such change in accordance with the manuals in use by the company."

Appellant argues that to construe automatic coverage herein would throw the door open to possible fraud against the company by persons who acquired additional automobiles during the policy period but would not report them unless they became involved in an accident. There is indeed that possibility, but the policy is the appellant's own handiwork. The remedy, if it desires one, is obvious.

Appellant attempts to make much of the use, in a number of places in the policy contract, of the words "*the* owned automobile" and "*such* automobile". The reference is completely unpersuasive when it is pointed out that in many places in the policy it is indicated very clearly that two or more automobiles may be insured.

The fact that the automobile was covered by other insurance is not unusual. The policy itself recognizes this by providing for *pro rata* sharing if such were the case.

"Other Insurance: If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and col-

lectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

Like reference is made to other insurance in Part II of the policy covering expenses for medical services. Interesting enough, however, under Part III, Physical Damage, the policy provides that it does not apply "(d) *to loss to a private passenger*, farm or utility *automobile* or trailer *owned by the named insured and not described in this policy* or to any temporary substitute automobile therefor, if the insured has other valid and collectible insurance against such loss." (Emphasis supplied.)

It may well be that the insured was unaware of the fact that he had purchased additional or "other insurance" as it is referred to in appellant's policy. That does not obviate the fact that the policy that he purchased and paid for on August 12, 1959, extended coverage to after-acquired automobiles and that no notice thereof to the company needed to be given excepting only within the policy period and that he was liable for the additional premium thereon dated from the time of the acquisition of the additional automobile.

The construction which the *trial judge* gave to the Family Combination Automobile Policy herein and which we on appeal affirm has met the test in other courts holding likewise. Cf. Matthews v. Glens Falls Insurance Company, 1959, 21 Misc. 2d 1079, 192 N.Y.S.2d 811; Le-Jeune v. State Farm Mutual Automobile Ins. Co., La.App., 1958, 107 So.2d 509; Conn v. Walling, 1960, 186 Kan. 242, 349 P.2d 925; and as a case being most directly in point, Indiana Lumbermen's Mutual Insurance Co. v. Russell, 1962, 243 La. 189, 142 So.2d 391, 26 C.C.H. Automobile Cases 2d 497.

Affirmed.