# Richmond

CELINA MUTUAL INSURANCE COMPANY v. MILTON COHEN, ET AL.

December 2, 1963.

Record No. 5645.

Present, All the Justices.

The opinion states the case.

*Robert G. Winters* (*Pilcher, Underwood, Pilcher & Winters*, on brief), for the appellant.

*Spencer Gill* and *John B. Preston* (*Rixey & Rixey*, on brief), for Hartford Accident & Indemnity Company.

I'ANSON, J., delivered the opinion of the court.

Celina Mutual Insurance Company (herein called Celina) brought this declaratory judgment suit against Milton Cohen, Emil Deutsch, Rex C. Clifton, Edmond Jacobs, Hartford Accident and Indemnity Company and Allstate Insurance Company, appellees herein, to determine whether Edmond Jacobs had coverage on a 1961 Plymouth

station wagon under a "garage liability policy" issued by Celina to Midtown Motors, Inc., or a "family automobile policy" Celina issued to Frances R. Jacobs, wife of Edmond Jacobs, and to enjoin appellees Milton Cohen, Emil Deutsch and Rex C. Clifton, who sustained damages in a collision with the station wagon owned and operated by Edmond Jacobs, from taking any further actions to impose liability on Celina under either of its insurance contracts.

Deutsch had an automobile liability policy with an uninsured motorist endorsement issued by Hartford Accident and Indemnity Company, and Allstate Insurance Company had issued a policy to Clifton with a similar endorsement. Both of these policies were in force on the day of the accident, and the companies requested in their answers that the court determine their liabilities, if any, under their policies.

The case was heard by the chancellor on a stipulation of facts and exhibits, and he held that the family automobile policy issued by Celina to Frances R. Jacobs was in force and afforded coverage to the 1961 Plymouth station wagon operated by Jacobs at the time of the accident; that Jacobs had reported the accident as soon as practicable as required by the policy; and that because of a stipulation by the parties Jacobs had no coverage under the garage liability policy. From this decree Celina appealed.

Coverage under the garage liability policy is not an issue on this appeal. However, Celina contends that the chancellor erred in holding that Jacobs was afforded coverage under the terms of the family automobile policy and that he gave the required notice of the accident to Celina under the terms of its policy.

The evidence shows that on March 11, 1961, Celina issued a family automobile policy to Mrs. Jacobs covering a 1952 Willys sedan, which was the only automobile owned by the Jacobs family. The policy was effective until September 11, 1961, and it was later renewed to extend to March 11, 1962.

On or about March 24, 1961, Mr. Jacobs, an automobile salesman, purchased a 1961 Plymouth station wagon from Midtown Motors, Inc., under an installment contract. Pursuant to an agreement between the contracting parties, Jacobs was permitted to use dealer's license plates on the car and was afforded liability coverage under Midtown's garage insurance policy issued to it by Celina. Title to the station wagon was not obtained by Jacobs until January 29, 1962.

On February 28, 1962, while the station wagon was being operated by Jacobs, it collided with the rear of an automobile operated by Clifton, causing Clifton's car to strike the rear of Deutsch's automobile, thereby damaging the cars and injuring Clifton, Deutsch and Cohen, the latter being a passenger in Deutsch's car.

On March 8, 1962, Cohen instituted a suit for damages against Jacobs and Clifton, and the next day Jacobs was notified that Clifton intended to institute a suit for damages against him.

On March 16, five days after the family policy issued by Celina to Mrs. Jacobs had expired, Jacobs gave notice of the accident to Celina's local agent and adjuster and claimed that the station wagon was covered under Midtown's garage liability policy. Jacobs was advised that he was not covered by that policy, but that he might have coverage under the family policy which Celina had issued to Mrs. Jacobs.

Thereafter Clifton and Deutsch instituted actions against Jacobs and before the three suits against him were concluded, which were defended by Celina under reservation of rights agreements, this declaratory judgment suit was brought by Celina.

The family automobile policy issued to Mrs. Jacobs contains, under "PART I," covering liability for bodily injury and property damages, the following relevant provisions:

"To pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages * * * arising out of the ownership, maintenance or use of the *owned automobile* * * *.

\* \* \* \* \*

"*Persons Insured.* The following are insureds under Part I:

"(a) With respect to the *owned automobile,*

(1) The *named insured* and any resident of the same household; * * *." (Italics supplied.)

The definitions of certain terms used in the foregoing provisions are as follows:

" 'named insured' means the individual named in Item I of the declarations and also includes his spouse, if a resident of the same household;"

" 'owned automobile' means a private passenger * * * automobile * * * owned by the named insured * * *."

Following "PART III—PHYSICAL DAMAGE," under the heading "Conditions" this language is found:

"(Unless otherwise noted, conditions apply to all Parts.)

\* \* \* \* \*

"2. *Premium.* If the named insured disposes of, acquires ownership of or replaces a private passenger, farm or utility automobile or, with respect to Part III, a trailer, *he shall inform the company during the policy period of such change.* Any premium adjustment necessary shall be made as of the date of such change in accordance with the manuals in use by the company. The named insured shall, upon request, furnish reasonable proof of the number of such automobiles or trailers and a description thereof.

\* \* \* \* \*

"6. *Action Against Company—Part I.* No action shall lie against the company unless, *as a condition precedent thereto,* the insured shall have fully complied with all the terms of this policy \* \* \*." (Italics supplied.)

Counsel for Celina concedes that Mr. Jacobs is a "named insured" under the family policy since he was the spouse of Frances R. Jacobs and a resident of the same household; and that the 1961 Plymouth station wagon became an "owned automobile" under the definitions in the policy when Jacobs acquired title to it on January 29, 1962. But he argues that Jacobs was not afforded coverage under the terms of the policy because the company was not notified of the acquisition of the station wagon during the policy period, as required by the first sentence of Condition 2 of the insurance contract. He further argues that Condition 2 constituted only an offer to cover after-acquired automobiles if the company was notified within the policy period, and since Jacobs did not notify Celina of his acquisition of the station wagon until five days after the policy had expired, there had been no acceptance of the offer, and hence he had no coverage.

On the other hand, counsel for Hartford Accident and Indemnity Company and Allstate Insurance Company argue that Condition 2 states a method of adjusting the premium, where necessary, upon the addition of any other automobile, and it does not state that the failure to notify Celina of the acquisition of a car within the policy period shall terminate the coverage previously extended. See the recent case of *Beasley* v. *Wolf* (Fla. App.), 151 So. 2d 679 (1963).

The pivotal question is whether Jacobs was covered under the family policy for an accident which occurred during the policy period, when notice of the acquisition of the station wagon was not

given to the company, pursuant to Condition 2, until after the policy had expired.

It is manifest from a reading of the provisions of the policy that its purpose was to insure against all risks arising out of the operation of the automobile described in the policy, and, in addition, to provide coverage at the earliest possible moment of any after-acquired automobile, whether a replacement car or an additional automobile, provided the insured notified the insurance company of such change within the period prescribed in the policy. *Imperial Casualty and Indemnity Co.* v. *Relder*, 308 F. 2d 761, 765 (8 Cir., 1962); *Mathews* v. *Marquette Casualty Co.* (La. App.), 152 So. 2d 577, 581 (1963).

We are not unmindful that it has been held, in construing family automobile insurance contracts containing substantially the same notice requirement as that of Condition 2, that such notice is a condition subsequent rather than a condition precedent, and that such coverage is automatically effective upon the acquisition of a new automobile and remains in effect until the end of the specified period, irrespective of whether notice is given or not. *Inland Mut. Ins. Co.* v. *Stallings* (4th Cir.), 263 F.2d 852; 7 Am. Jur. 2d, Automobile Insurance, § 100, pp. 408, 409; Anno. 34 A. L. R. 2d 936, at pp. 744, 745.

However, under Condition 6 of the policy in the present case, "[n]o action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy."

The named insured did not notify Celina of the acquisition of the 1961 Plymouth station wagon during the policy period as required by the unambiguous first sentence in Condition 2. Hence there was no full compliance with all the terms of the policy, which was a condition precedent to any action on the policy against the company. The provision for notice to the insurance company during the policy period if a named insured disposes of, acquires ownership of or replaces a private passenger automobile is most liberal. Under the terms of the policy Jacobs had coverage on the station wagon immediately upon obtaining title to it. All he was required to do was to notify the insurance company of its acquisition at any time during the policy period. But since he did not notify the company until five days after the policy had expired, Celina has no liability under the family policy it issued to Mrs. Jacobs. See *Maryland Casualty Co.* v. *Toney*, 178 Va. 196, 204, 16 S. E. 2d 340, 344.

Hence Jacobs was an uninsured motorist, and Deutsch and Clifton have uninsured motorist coverage under their respective policies with Hartford Accident and Indemnity Company and Allstate Insurance Company.

For the reasons stated, the decree of the lower court is reversed, the case is remanded, and the chancellor is directed to enter a decree in accordance with the findings expressed herein.

*Reversed and remanded.*