568

[No. 37472. Department One. December 9, 1965.]

EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF
WISCONSIN, *Respondent*, v. ZURICH INSURANCE COM-
PANY, *Defendant*, PREFERRED INSURANCE
EXCHANGE, *Appellant*.\*

*Wayne Murray* (of *Murray, Dunham & Waitt*), for ap-
pellant.

\*Reported in 409 P.2d 165.

*Walsh & Margolis,* by *Harry Margolis* and *Robert J. Hall* and *Karr, Tuttle, Campbell, Koch & Granberg,* by *Craig P. Campbell,* for respondents.

WARD, J.†—In this action, plaintiff Employers Mutual Liability Insurance Company of Wisconsin (hereinafter called Employers) seeks recovery from defendant Preferred Insurance Exchange (hereinafter called Preferred), following the payment by Employers of a personal injury claim. Employers contends that Preferred should bear the ultimate loss since it was Preferred's insured who gave implied permission to another to operate the automobile involved in the accident, and Preferred had covered its insured in such event under an "omnibus" clause.[1] The trial court agreed with plaintiff Employers, and held that Preferred was liable, under the omnibus clause, for the resulting injury. Preferred appeals.

Thirteen assignments of error are made. Number 13 deals with the allowance of interest on Employers' judgment. We cannot improve on the statement made in appellant Preferred's brief simplifying the sole remaining issue in the case:

> The facts in this case are comparatively undisputed. All of the assignments of error (1 through 12 except assignment of error No. 13) relate basically to one issue, and that is, whether or not, under the facts and the terms of the insurance policy, William S. Hunt, the employee of Commercial Automotive Service, Inc., was an insured of the appellant Preferred Insurance Exchange. The trial court so found and the assignments of error are directed to that finding.

It is admitted by Preferred that *permission* to use the car under the extended coverage clause of its policy may

†Judge Ward is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

[1] The omnibus clause contained in the policy of insurance issued by Preferred Insurance Exchange to Prowse and Evans provided extended coverage to ". . . (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

be either express or implied. It is admitted by all parties that William S. Hunt had no express permission to use the car. The factual issue in the case is whether or not he had implied permission for such use. If he did, he was an insured under the provision of the policy quoted in the footnote. Was there substantial evidence to support the trial court's finding that there was such implied permission? That is our sole inquiry under assignments of error Nos. 1 through 12.

The following facts were agreed to in a written stipulation signed by all parties.

Prowse and Evans, a partnership and Preferred's insured, owned a Chevrolet automobile which had suffered minor body damage. Prowse and Evans directed their employee, John Bechel, to take the damaged car to Commercial Automotive Service, Inc. (hereinafter called Commercial), and to two other repair shops to obtain repair estimates. Bechel drove to the customers' parking area in front of Commercial's repair shop and parked the car in such a manner that it blocked the exit of a car owned by Gerald F. Martin, an insurance adjuster, who was then in Commercial's office on business.

The estimate on the Prowse and Evans car was completed in 10 or 15 minutes, except for some cost items. To obtain these, Commercial's estimator and Bechel had stepped into the office, leaving the car unattended, with the key either in the ignition or left in such position that the car could be started without the key.

Martin, desiring to drive his car away from the parking lot, requested another estimator employed by Commercial, William S. Hunt, to move the Prowse and Evans car. Hunt did not know who owned the car, made no inquiry seeking to locate the owner, and instead started the motor and backed the Prowse and Evans car onto the sidewalk so as to permit Martin to drive his car from the premises. Hunt backed the Prowse and Evans car into an elderly man, Joseph Wyly, who was walking along the sidewalk, and severely injured him.

Wyly brought an action to recover damages against William S. Hunt, driver of the car, insured by Zurich Insurance Company (hereinafter called Zurich), George Prowse and Stanley Evans, owners of the car, insured by Preferred, and Commercial Automotive Service, Inc., the repair shop, insured by Employers.

After tendering defense to both Preferred and Zurich, Employers settled the claim of Wyly for $22,500. The amount paid in settlement is not in controversy and was made with the consent of all parties, not as a volunteer. The settlement was made without prejudice to the rights of the respective insurance companies to a determination of rights and liabilities now sought in this action.[2]

In addition to the facts above recited, which are summarized from the parties' written stipulation, oral testimony was presented to the trial court on the issue of whether Prowse and Evans had impliedly consented to Hunt's act of moving their automobile while it was parked on Commercial's premises. There was sharp conflict in the testimony presented, but we find that there was substantial evidence from which the court could and did find that it was customary in the Seattle area, under such a situation as was disclosed by the stipulated facts, for the driver of a car to leave the keys in it so that it could be moved by employees of repair shops, both for the convenience of the repair shop and for the convenience of other customers. It was also customary for repair shop employees to move unattended cars on the lot without first seeking out the owner of the car to obtain express permission to move it. As Hunt phrased it, "it was automatically understood that we were to move cars when they had to be moved in order to keep traffic relieved."

---

[2] We do not discuss the question of primary and secondary liability of the three insurers. It is tacitly admitted that, if William S. Hunt was an insured under the extended coverage clause, then Preferred, as insurer of the car involved in the accident, would be primarily liable to the limit of its coverage, and the other insurers would be secondarily liable only for excess recovery.

■ We may not substitute our views on disputed facts for those of the trial court in cases where the findings of the trial court are sustained by substantial evidence. The leading case in support of this rule (*Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959)) has already been cited over 100 times.

■ There was no direct evidence from which the court could find that Prowse and Evans had knowledge of the custom, but direct evidence of knowledge of the custom was not necessary under the facts presented. Mr. Prowse testified that he had been in the used car business for 11 years and, since 1954, in partnership with Mr. Evans. Prowse and Evans did not operate a repair shop of their own. In the course of their business, they frequently purchased damaged cars, and it was their practice to have such cars repaired by commercial repair shops in Seattle. They are presumed to have knowledge of the established usages and customs of the business in which they had been so long engaged, including those customs and usages found by the court in this case.

> A local or trade usage may have existed long enough and be so definite and notorious that any resident of that locality or any one engaged in that trade or business may reasonably be supposed to know it and to be giving words a meaning in accordance with it. It may not be reasonable to make such a supposition with regard to a non-resident or to one not engaged in the trade or business; on the part of such a person as this, actual knowledge of the usage must generally be shown. If thus actually known, it may be held applicable without a finding as to the duration of its existence or extent to which it has been known and used in the community. 3 Corbin, Contracts § 557, at 247.

See, also, 25 C.J.S. *Customs and Usages* § 9, at 82, 84.

The custom found by the court, aided by the presumption recited in the text above quoted, was sufficient to support the court's finding of fact No. 10:

> Evans and Prowse are deemed to have been familiar with these practices and to have consented to them.

When their automobile was delivered to Commercial Automotive by their agent and placed in such a position as to block off the egress of another car, they are deemed to have agreed to its necessary, temporary removal by an employee of the repair shop, if it was left unattended.

See, also, *Exchange Cas. & Surety Co. v. Scott*, 56 Cal.2d 613, 364 P.2d 833 (1961); 12 Couch, Insurance § 45:352 (2d ed.), at 354; 7 Appleman, Insurance Law and Practice § 4365, at 307.

■ In insurance cases requiring construction of the omnibus clause, there is no necessity of establishing either agency or a master-servant relationship in order to establish permissive use of the car, within the terms of the policy. 12 Couch, Insurance § 45:346 (2d ed.), at 350.

This case is distinguishable from *McKee v. Garrison*, 37 Wn.2d 37, 221 P.2d 514 (1950). In the cited case, the parties were not members of any industry dealing with each other under usages and customs pertaining to such industry, but were individuals dealing with each other upon the basis of an express understanding.

■ By assignment of error No. 13, it is claimed that interest should not have been allowed on the judgment entered in Employers' favor against Preferred from the date Employers paid the Wyly settlement. However, when Employers made settlement with Wyly, with the consent of Preferred, the latter's liability became fixed in the amount of the settlement—$22,500. On payment of such sum by Employers, Preferred's indebtedness became liquidated and legally owing, and bears interest from date of payment. See *Macchia v. Salvino*, 64 Wn.2d 951, 956, 395 P.2d 177 (1964).

Preferred makes no argument with respect to the sum of $301.74 fixed by the trial court as part of the costs to be paid by Preferred for defense of the Wyly action, and this sum will be added to the amount which Preferred shall pay.

Judgment affirmed.

ROSELLINI, C. J., FINLEY, HUNTER, and HALE, JJ., concur.