[No. 31380.   Department One.   August 22, 1950.]

Roy McKee, *Respondent*, v. Ferne Garrison, *as Administratrix, Respondent*, Farmers Automobile Inter-Insurance Exchange, *Appellant*.[1]

*Virgil Scheiber*, for appellant.

*McMullen, Snider & McMullen*, for respondent McKee.

Grady, J.—This appeal brings before the court for determination which of two insurance policies covers liability arising out of a collision between an automobile and a truck. Gertrude Reese owned an automobile, and held a policy

[1]Reported in 221 P. (2d) 514.

issued by Employers' Liability Assurance Company, covering herself and anyone operating it with her permission. The truck was owned by Roy McKee. Roy Garrison owned an automobile, and held a policy issued by Farmers Automobile Inter-Insurance Exchange, which covered him in the use of it and also his operation of any other private automobile.

Garrison and wife were upstairs tenants of Reese. She left her home for work early in the morning. Her automobile was very noisy when being started, which was disturbing to Garrison. He volunteered to remedy the trouble with the automobile and secured its keys. He told Reese he would clean the carburetor and the breaker points on the timer. She informed him that the brake on one of the wheels had been grabbing, and suggested when he got through with the cleaning he might find out what was wrong with the brake. Garrison cleaned the breaker points and adjusted the carburetor. He believed he would be assisted in finding out what was wrong with the brake if he drove the automobile. After driving a few blocks, he discovered the difficulty. At an intersection a little further on, the collision occurred. Reese did not give Garrison any affirmative permission to drive her automobile. Any permission to do so, making coverage applicable, must be implied.

In the process of adjustment, and in the litigation which followed, Exchange contended that Garrison was driving the Reese automobile with her permission, hence Employers' policy covered the damages recoverable; also that there had been a noncompliance with a provision in its policy to the effect that written notice of claim must be given "as soon as practicable," in that Garrison did not notify it of the collision until twenty-four days after it occurred.

McKee sued Garrison and Reese, obtained a judgment against the former, and has been awarded a judgment against Exchange.

The court found and concluded that the Reese automobile was driven by Garrison without her permission, and

that notice of the collision was given Exchange in accordance with the terms of its policy.

What may constitute implied permission on the part of a covered owner of an automobile to another to drive it, so as to give such driver protection as an additional insured, is discussed in 7 Appleman on Insurance Law and Practice 166, § 4365, where the author states:

"It has been definitely held that it is not essential that express permission be given for use of the automobile by the operator in order to give him protection as an additional insured; permission may be implied for such use under the facts and circumstances of the case. And wherever the terms 'consent', 'permission', or the like, appear in the policy, the courts consider that such terms may be read as though the word 'implied' preceded them. A general permission would suffice, although if express permission is relied upon, it must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not left merely to inference. An implied permission, on the other hand, is not confined to affirmative action, but means an inferential permission, in which a presumption is raised from a course of conduct or relationship between the parties in which there is mutual acquiescence or lack of objection signifying consent.

"Such implied permission is usually shown by usage and practice of the parties over a period of time preceding the day upon which the insured automobile was being used, assuming, of course, that all parties had knowledge of the facts. When this showing is made, there is considered to be a sufficient showing of a course of conduct in which the parties mutually acquiesced to bring the additional insured within the policy protection, provided, of course, that any acquiescence on the part of the insured was by some one having authority to give permission for him. Continuous use by such bailee would raise an inference of implied permission, the defendant's conduct, on some instances, being sufficient to show an implied permission even though he may not have desired nor contemplated the operation on this occasion. Of course, if there were neither express nor implied permission he would not be covered as an additional insured."

■ In order to infer permission within the meaning of the policy clause before us, there must be some course of

conduct or relationship between the parties from which a trier of fact can conclude the owner contemplated the additional insured would make the use of the automobile out of which the claim of liability arose. The trial court was of the opinion that Reese neither knew nor had any reason to believe that Garrison would have occasion to drive her automobile, she not being familiar with the methods used in automobile repairing. We do not think that permission to drive the automobile on the public highway can be inferred merely because Garrison, in experimenting with the operation of the brake, thought such a venture would better enable him to discover the cause of its grabbing.

We have considered our cases, in so far as they treat the question of implied permission, but shall not cite or discuss them because they are so factually different as not to be of material aid. We are in accord with the conclusion reached by the trial court on the question of implied permission to drive the Reese automobile.

█ In determining whether Garrison gave notice to the insurer of the happening of the accident "as soon as practicable," the court took into consideration that he was injured in the accident, became unconscious, and was in a hospital for seven days; that, after his discharge, he was dazed for several days, and for some time was unable to concentrate. It does not appear that the delay in giving notice was in any way prejudicial to the insurance company, or that it did not have ample time and opportunity to fully investigate and ascertain all of the facts surrounding the accident and in connection with any defense it might have to any claim of liability on the part of its insured.

The judgment is affirmed.

BEALS, SCHWELLENBACH, DONWORTH, and HAMLEY, JJ., concur.