[No. 35376. *En Banc.* March 30, 1961.]

OSCAR WOOD et al., *Respondents*, v. RONALD KOK et al., *Defendants*, FARMERS INSURANCE EXCHANGE, *Appellant.**

*Reported in 360 P. (2d) 576.

*O'Leary, Meyer & O'Leary*, for appellant.

*Schumacher & Charette*, for respondents.

HUNTER, J.—Oscar and Bessie Wood, husband and wife, obtained a judgment against Ronald Kok, arising out of an automobile collision. Thereafter, as judgment creditors of Ronald Kok, they garnisheed and obtained a judgment against the Farmers Insurance Exchange. The court held in a trial without a jury that Ronald Kok was an insured person within the terms of the omnibus clause of a Farmers Insurance Exchange policy covering a 1955 Plymouth automobile belonging to Ruth M. Fleenor and that the automobile was being used by Ronald Kok with her permission at the time of the collision with the Woods' car. The Farmers Insurance Exchange appeals.

The facts are substantially as follows. Ronald Kok, who was eighteen years old, learned that Ruth M. Fleenor desired to sell her Plymouth automobile, and, upon seeing the automobile, he expressed an interest in acquiring it. The automobile was mortgaged to the Bank of America corporation in California, which was the legal owner under California law. Mrs. Fleenor wrote to the corporation to ascertain the amount of her indebtedness since it was understood that Mr. Kok was to assume the indebtedness if the sale was consummated. On March 31, 1957, before Mrs. Fleenor received a reply concerning the balance due on the mortgage obligation, Ronald contacted her and was granted permission to take possession of the Plymouth for the purpose of trying it out in contemplation of trading in part, at least, her equity in the Plymouth for his automobile which he left with her.

On April 7, 1957, Ronald drove the Plymouth to Montesano, Washington. While he was there, he permitted a friend, Sandra Miller, who was fourteen years old and who did

not have a vehicle operator's license, to drive the car. While Sandra was driving and he was sitting next to her, the accident occurred causing the injuries for which Oscar and Bessie Wood were granted the judgment against Ronald Kok. Sandra was a stranger to Ruth Fleenor, who did not know Ronald had permitted her to drive the Plymouth until after the accident occurred.

The omnibus clause in the insurance policy issued by the Farmers Insurance Exchange to Mrs. Fleenor, under which the trial court held it was liable, provided:

"(b) with respect to the insurance afforded by this policy under Coverages A and B, the unqualified word 'insured' includes (1) the named insured and, while residents of his household, his relatives, (2) with respect to the described automobile or a substitute automobile, any other person or organization legally responsible for its use, *provided the actual use of the automobile is by the named insured or with his permission*, and (3) with respect to any non-owned automobile, any other person not owning or hiring it, but legally responsible for its use by the named insured." (Italics **ours.**)

The appellant first assigns error to the court's finding that the trade or sale of the cars had not been completed on April 7, 1957, and that the ownership of the Plymouth automobile remained in Mrs. Fleenor.

The appellant contends that Ronald Kok was in possession of the Plymouth automobile as a purchaser and not as a bailee. It is the appellant's position that it was Mrs. Fleenor's understanding, on March 31, 1957, that the trade of the ownership of the vehicles was completed, and thereafter the only thing remaining was to transfer the title papers of the respective vehicles. Therefore, after March 31, 1957, Ronald Kok owned the Plymouth. The facts on this issue are in dispute; however, it is clear from the testimony of Ronald Kok that he took the car only for the purpose of "trying it out," and there is no evidence in the record of any mutual assent on their part to effect an exchange of ownership of the automobiles at that time. The trial court was entitled to believe this evidence. Therefore, the record

supports the trial court's finding that ownership of the Plymouth was in Mrs. Fleenor at the time of the collision.

The appellant contends the trial court erred in finding that Ruth Fleenor imposed no restrictions of any kind as to the length of time or as to the mode or manner of the use of her automobile by Ronald Kok. The appellant's contention that restrictions were imposed is inconsistent with her previous position that there was a completed sale of the car when Ronald Kok took possession on March 31, 1957. Moreover, we find nothing in the testimony of Mrs. Fleenor that any restriction on the use of the car was communicated to Ronald Kok. The record supports the trial court's finding that no restrictions were imposed upon Ronald's use of the Plymouth automobile.

The appellant finally contends, however, that for Ronald Kok to come within the omnibus clause of the policy, the Plymouth automobile must have been in "his actual use at the time of the collision," and the record shows the use was in a third person.

"Use" and "operation" as used here are not synonymous terms. A person may be using an automobile and yet not be operating it. At the time of the accident, Ronald was using the automobile for his own convenience and pleasure. It makes no difference under the omnibus clause that, in carrying out this use, he had another person operating the automobile. At the same time, the automobile was being put to his use. See cases in Annot., 160 A. L. R. (2d) 1195 at 1213, 1214 (1946). This is to be distinguished from the situation in *Hamm v. Camerota,* 48 Wn. (2d) 34, 290 P. (2d) 713 (1955), cited by the appellant, where the automobile was being used exclusively by a third person for his own convenience and purposes.

The appellant argues that it is not obligated under the omnibus clause of the policy because a general permission to use an automobile does not include permission to let it be operated by an unlicensed driver. The premise of this argument was held not true in *Odden v. Union Indemnity Co.,* 156 Wash. 10, 16, 286 Pac. 59, 61, 72 A. L. R. 1363 (1930). In that case, an owner of an automobile loaned it

to another, giving him general permission to use it without imposing any express restrictions. The permittee in turn loaned the automobile to a third person who had no driver's license. A passenger in the automobile sought to hold the owner's insurer liable under its policy for injuries sustained in an accident caused by the third person's negligence in operating the car. The insurer claimed it was not obligated under the omnibus clause in the policy because the scope of the general permission did not include authority to loan the automobile to an unlicensed driver for his own pleasure. This court refused to interpret the general permission in such a manner, in the absence of any restrictions as to its use, but rather, we held that the lack of a driver's license by the third person had the same effect under the law as if the owner had placed the automobile in the hands of an unlicensed driver, and, therefore, the insurer could not avoid liability under its policy.

The facts are even more favorable in the instant case for the application of this reasoning. Here, the unlicensed driver was in the presence and under the control of the user of the car, Ronald Kok, while operating the automobile. In the *Odden* case, on the other hand, the original permittee had terminated his control over the third person whom he had permitted to use the automobile.

The reasoning of the *Odden* case is sound. The object of automobile liability insurance coverage would be defeated if an insured was not afforded protection on occasions of his improvident or negligent conduct in the use of his automobile. As in the *Odden* case, Ronald Kok was entitled to the same protection under the omnibus clause of the policy as Mrs. Fleenor would have been entitled to had she permitted an unlicensed driver to take the wheel in her use of the automobile.

The trial court was correct in holding that Ronald Kok came within the coverage of the omnibus clause of the Farmers Insurance Exchange policy.

The judgment of the trial court is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.

OTT, J. (dissenting)—I dissent for the following reasons:

(1) Whether an insured person, in a particular case, grants a limited or restricted use of his automobile to another can be determined only by the evidence. The only evidence on this subject in the record before us is that of Ronald Kok as follows:

"A. I went out to see if I could possibly use the car or try it out, being I had never driven it. Q. You hadn't driven the car at all? A. I had not driven the car before this time. Q. How did you get out to her house? A. I drove the Buick I owned then. Q. And did you speak to her about borrowing the car? A. Yes, I did. Q. Did you tell her what you wanted with it, to use it for? A. *I told her that I would like to try it out, being I had never driven it, and wondered if it would be possible if I used it to see if I liked it and whether it would be in good shape and so forth.* The car had been in one wreck prior to the time I bought it and I was told about that. I wanted to see if it handled all right and if anything was wrong with the frame being sprung, or anything like that, of that nature. Q. Was she agreeable that you try the car out? A. Yes, she was." (Italics mine.)

As I read this evidence, it was Kok who requested permission to use the automobile for the limited purpose of trying it out to see if it was "in good shape." The insured granted Kok permission to use her automobile for the limited and restricted use that he requested. The record is explicit that *there was no request for an unlimited use, nor was permission for an unlimited use ever granted.*

The trial court and the majority of this court find, from the above-quoted testimony, that Ronald Kok requested, and Mrs. Fleenor granted, an unlimited use. Nowhere in the record is there any evidence to support such a finding.

(2) The majority find that Kok was using the automobile because he was being transported in it at the time of the accident. The restricted permission to try out the automobile would normally encompass a delegation of driving privileges to a mechanic or qualified person who could give an opinion of the mechanical fitness of the automobile. Sandra Miller was not such a person. Even though Kok was being transported in the automobile, he had not only delegated the driving privilege to another, beyond the scope of

the limited grant, but also had delegated control over the operation of the automobile.

(3) Finally, the majority conclude that Mrs. Fleenor believed, from the time that Kok asked for a limited use of the automobile, that a sale had been effected. This conclusion likewise is not sustained by the record. Mrs. Fleenor parted with her possession of the automobile only because Kok had requested permission to try it out. It was only after he had kept it for two weeks that she believed he had decided to buy it. Her conclusion in this regard is supported by the record because he did buy it, and also paid to have it repaired.

The judgment, in my opinion, should be reversed.

MALLERY, DONWORTH, and WEAVER, JJ., concur with OTT, J.

