[No. 37407.    Department Two.    November 12, 1964.]

THOMAS A. HUNTON, *Respondent,* v. FRANCIS JAMES MC-
CARVEL, *Defendant,* TRINITY UNIVERSAL INSURANCE
COMPANY, *Appellant.**

*H. Earl Davis* (*Edgar E. Neal,* of counsel), for appellant.

*Smith, Smith & Smith,* by *Del Cary Smith* and *Lawrence Cary Smith,* for respondent.

WEAVER, J.—Title to the automobile was in the name of the mother; possession was in an adult son away from home attending college. The omnibus clause in the liability in-

*Reported in 396 P. (2d) 639.

surance policy on the vehicle, which designated the father as the "named insured," provided in part:

"*Persons Insured* — The following are insureds under Part I:

"(a) With respect to the owned automobile,

"(1) the named insured and any resident of the same household,

"(2) any other person using such automobile, provided the actual use thereof *is with the permission of the named insured;* . . ." (Italics ours.)

The son gave his roommate, McCarvel, permission to use his car to bring two girls to the home in which McCarvel and the son were living in order that the four might watch a television show. McCarvel's car was not available at the time because his brother was using it.

Only one girl returned with McCarvel; the son retired. When the television show was over McCarvel drove the girl to her destination. He used the son's car without further permission, although his own car was then available. On the return trip, McCarvel negligently caused an accident in which the plaintiff was injured.

Plaintiff recovered judgment against McCarvel. Neither the son nor his parents were parties to the action. After judgment, plaintiff garnished appellant insurance company against which the trial court entered judgment.

It is conceded by both parties that McCarvel did not have *express* permission from the named insured. The question is whether there was an *implied* permission from the named insured to the subpermittee, McCarvel, to use the car. If implied permission exists, the judgment must be affirmed. Plaintiff argues that there are basically two types of implied permission.

The first concerns a situation in which the named insured had knowledge that the original permittee allowed others to operate the insured automobile and failed to prohibit such use. *Odden v. Union Indem. Co.*, 156 Wash. 10, 286 Pac. 59, 72 A.L.R. 1363 (1930). In the instant case the father, the named insured, who had never met Mc-

Carvel, testified that he and his wife had purchased the car for their son, but for ". . . his use alone and not for the purpose of allowing him to allow others to drive it."

The father also testified that he had no knowledge that his son had ever allowed anyone else to use the car. The mother testified that on one occasion she knew that her son had loaned the car to another. She disapproved of the act and warned her son not to let others use it. This is not sufficient to establish a course of conduct; hence, there was not substantial evidence from which the trial court could conclude that the named insured had knowledge that others were using the car.

The second type of implied permission encompasses a situation in which the named insured of an automobile entrusts its use to the first permittee, usually a son, daughter, or other member of the family, to use as his own without restrictions as to time or manner of use. *Standard Acc. Ins. Co. v. Allstate Ins. Co.*, 72 N. J. Super. Ct. 402, 178 A. (2d) 358 (1962).

■ This interpretation of implied permission is not the law in this jurisdiction. In *Hamm v. Camerota*, 48 Wn. (2d) 34, 290 P. (2d) 713 (1955), this court said: "The fact that a parent permits a son to use a car as his own, or even considers the car as being the son's property, does not, of itself, alter or enlarge the scope of the insurance contract."

The instant case is governed by the rules announced in *Holthe v. Iskowitz*, 31 Wn. (2d) 533, 197 P. (2d) 999 (1948), and *Hamm v. Camerota, supra.* In the former, it is recognized that in order to come within the coverage of the omnibus clause in a standard policy of liability insurance, the use of the car must have been with the permission, either express or implied, of the person named in the policy as the named insured; in the latter, the court held that liability insurance coverage is not extended to a subpermittee merely because the named insured had placed the car in his son's possession without restrictions and with authority to act in every way as if he were the owner. The two decisions lead to the conclusion that McCarvel did not have the requisite implied permission to operate the car.

Plaintiff relies on *Wood v. Kok,* 58 Wn. (2d) 12, 360 P. (2d) 576 (1961), which is distinguishable because the one who had permission from the named insured to use the automobile was in the car at the time of the accident although he was not driving. See 37 Wash. L. Rev. 424 (1962).

The judgment in the garnishment proceeding must be reversed with directions to dismiss appellant as garnishee defendant.

It is so ordered.

OTT, C. J., DONWORTH and HAMILTON, JJ., and JOHNSON, J. Pro Tem., concur.