[No. 39000.    En Banc.    June 27, 1968.]

RALPH R. ESHELMAN et al., *Appellants*, v. GRANGE INSUR-
ANCE ASSOCIATION, *Respondent*.

EDGAR A. VAN TRESS, *Individually and as Administrator,
Appellant*, v. GRANGE INSURANCE ASSOCIATION,
*Respondent*.*

*John Gavin* (of *Gavin, Robinson, Kendrick, Redman &
Mays*), *John S. Moore* (of *Velikanje, Moore & Country-
man*), and *Gordon Blechschmidt*, for appellants.

*William J. Madden*, for respondent.

WEAVER, J.—This is an appeal from a judgment dismiss-
ing writs of garnishment against respondent insurance
company.

The controversy involves interpretation and application
of an omnibus clause in a policy of casualty insurance to
the facts of the instant case.

Mr. and Mrs. Pease, defendants, owned a mink farm near
Redmond, Washington. They hired Jack Shepherd to assist
them. Shepherd was supposed to live at the farm, but the
Peases were temporarily using the spare living facilities
until remodeling work on their house was completed. Shep-

*Reported in 442 P.2d 964.

herd, therefore, used his own automobile each day to drive from his place of residence to the Pease farm.

After several days, Shepherd's car became disabled and could not be repaired at once for want of certain parts. Mr. Pease gave Shepherd permission to use the Pease car to drive to and from work and told him specifically not to use the car for any other purpose. Mr. Pease arranged for Shepherd to stay at a hotel in Redmond. He designated the area where Shepherd was to park and lock the car, and told him to use it only to return to the farm.

The arrangement continued for several days. One evening Shepherd started drinking. Having withdrawn from the hotel the room deposit made by Mr. Pease, Shepherd indicated that he was driving either to Sun Valley or to Boise, Idaho.

The morning of the next day, some 250 miles from the Peases' farm, Shepherd was involved in an accident that killed Mrs. Van Tress and seriously injured Mr. and Mrs. Ralph R. Eshelman.

Upon a consolidated trial, the jury returned substantial verdicts against Shepherd. The Peases, however, were exonerated because (1) they were not negligent in hiring Shepherd and allowing him to drive their car; and (2) Shepherd was not engaged in the business of the Peases at the time of the accident.

Plaintiffs then garnished respondent insurance company upon the theory that Shepherd was an additional insured under the policy of casualty insurance issued by respondent to Peases.

The policy provides:

> . . . the unqualified word "insured" includes the named insured, . . . and also includes *any person while using the automobile* . . . *provided the actual use of the automobile is by the named insured* . . . *or with the permission of [the named insured].* (Italics ours.)

Respondent insurance company denied liability. The trial court found that at the time of the accident Shepherd was

driving the automobile outside the scope of his limited permission and was, therefore, not an insured under the terms of the Pease policy. The writs of garnishment were dismissed; hence, this appeal.

The relationship of Pease and Shepherd was that of master and servant; it was not a social relationship.

The evidence and surrounding circumstances support the conclusion that Shepherd's permission to drive the Pease automobile was expressly limited to his transportation to and from the Pease farm to the hotel in Redmond. The express permission was of an affirmative character, directly and distinctly stated, and not merely implied or left to inference.

It is beyond dispute that Shepherd was not acting within the scope of his express permission to use the car when the accident occurred 250 miles away.

There are three conceptional categories of possible solutions, each supported by decisional authority.[1]

*First*: The strict or conversion rule. For the use of the car to be with the permission of the insured within the meaning of the omnibus clause, the driver must be using it, at the time of the accident, exactly within the scope of the permission given, during the time limits expressed and within the geographic limits contemplated.

*Second*: The liberal rule. The employee or permittee need only have received permission to take the vehicle in the first instance; and any use while it remains in his possession is "with permission," though that use may be for a purpose not contemplated by the insured when he parted with possession.

*Third*: The middle ground rule. It is necessary in each case to consider the extent and effect of the particular deviation involved. A material deviation voids the initial permission, and the omnibus clause is not operative. A

---

[1] See Drechsler: Automobile liability insurance: permission of consent to employee's use of car within meaning of omnibus coverage clause. Annot., 5 A.L.R.2d 600, 622.

minor deviation leaves the permission unaffected, so that the omnibus clause is operative.

In *Cypert v. Roberts,* 169 Wash. 33, 13 P.2d 55 (1932), the employee had express permission to use her employer's car, but for a limited period of time. The accident occurred after the time had expired. The court found that the employee did not have permission, expressed or implied, "to use the car at the place, at the time, and under the circumstances, or for purposes existing at the time of the collision. . . ." The injured plaintiff was not permitted to recover under the omnibus clause of the employer's casualty insurance policy. Although not discussed in the opinion, this, in effect, was a repudiation of the liberal rule. The opinion does not indicate whether the court favored the "strict" or the "middle ground" rule although the opinion does state that the employee "drove around rather generally."

*Yurick v. McElroy,* 32 Wn.2d 511, 202 P.2d 464 (1949), involved the use of an automobile by one other than the named insured, for a specific purpose of benefit to the named insured. An accident occurred while the car was being used for a purpose not authorized by the permit to use it. The court pointed out that "[t]here is here presented no question concerning any 'slight deviation' from the permitted use."

The court recognized the three lines of authority to which we have alluded, but said:

> We decline to follow the authorities which adopt the principle that an original permission to use the car includes any use thereafter made of the vehicle.

The "deviation" having been considered major, the driver of the car was not an insured under the omnibus clause of the owner's insurance policy. Recovery was denied.

By dictum, in *Wallin v. Knudtson,* 46 Wn.2d 80, 82, 278 P.2d 344 (1955), the court shook the foundation laid in *Yurick, supra,* when the court said:

> we do not . . . desire to foreclose such a re-examination [of the immaterial deviation rule] in the light of

changing conditions should occasion require it. The statutes of many states requiring owners of automobiles to carry indemnity or liability insurance making an insured of anyone who has possession of an automobile with the permission, express or implied, of the owner, are placing the stamp of approval on the rationale of those cases as a matter of public policy.

The court, however, did not adopt the "liberal rule," *supra,* but held that the permittee's use of the car at the time of the collision was an immaterial and permissible deviation from the permission granted and did not annul the permission. Thus, the court again affirmed the "middle ground rule."

In *Western Pac. Ins. Co. v. Farmers Ins. Exch.,* 69 Wn.2d 11, 416 P.2d 468 (1966), this court pointed out that in *Wallin, supra,* it had

announced our acceptance of the immaterial or permissible deviation rule which permits a deviation beyond the letter, but within the spirit, of the express or implied permission to the use of an automobile given by the insured owner.

In *Western, supra,* the permittee drove the automobile approximately seven blocks from the most direct route to his home to pick up food for his family dinner. This, the court held to be a minor deviation that would not have been prohibited by the owner had he been asked concerning it.

The instant case, however, does not call for an agonizing analysis of whether Shepherd's deviation was major, or minor and within the scope of the omnibus clause of the Pease insurance policy.

The record would support the conclusion that Shepherd's action was more than a deviation. It might well have been designated a theft.

The judgment dismissing the writs of garnishment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, HUNTER, HAMILTON, HALE, and NEILL, JJ., concur.