[No. 30-40206-1.   Division One.   November 3, 1969.]
Panel 2

GRANGE INSURANCE ASSOCIATION, *Respondent,* v. CARL L. ESCHBACK *et al., Respondents,* CASCADE INSURANCE COMPANY, *Appellant.*

*Sam Peach,* for respondent.

*Russell Millhouse,* for appellant.

HOROWITZ, A. C. J.—We are basically concerned with the

construction and application of an omnibus clause contained in a public liability policy issued by the plaintiff Grange Insurance Association to the defendant Carl L. Eschback. Defendant Cascade Insurance Company principally contends that the omnibus clause contained in the Grange policy covers the driver of the truck involved in an accident so that the defendant insurer has no liability under the policy issued by it. From a declaratory judgment rejecting the contentions of the defendant insurer, defendant insurer appeals. For reasons next discussed, we would affirm.

For convenience, we shall refer to Grange Insurance Association as "Grange"; Cascade Insurance Company as "Cascade"; and the individual defendants by their respective surnames.

On October 29, 1964, Mann, related by marriage to Eschback, borrowed Eschback's truck to gather up cardboard boxes for a football rally at Ferndale High School where he was attending. The court found that this actual use was unknown to Eschback, and that "Carl Eschback never granted unrestricted use to his nephew Vincent Mann, and he understood he was to be the sole operator. Past use of the vehicle of Vincent Mann was for personal family use."

The findings do not define "unrestricted use" but the court's oral opinion [to which we resort to the extent consistent with the findings (*Ferree v. Doric Co.*, 62 Wn.2d 561, 383 P.2d 900 (1963))] states:

> He (Eschback) did know that it was to be used to haul some stuff to school . . . that Mann was going to use this to haul some project, school project of his and deliver it to school.

That Eschback never granted unrestricted use of the truck to Mann is supported by evidence that Eschback requested Mann to have the truck home before dark; that Mann didn't say from where the material was to be hauled to school but that Eschback took it for granted that the hauling was from Mann's home to school; that had he known that the truck was to be used for the actual proposed use, he would not have given his consent.

The court further found that Mann reluctantly permitted Richard Roddel, 15 years of age and without a driver's license, to drive the truck, then in the course of its fifth or sixth trip, to pick up boxes for the bonfire and then drive the truck back to school; that Mann sat in the front seat while Roddel drove; that while Roddel was driving the truck the truck injured Feathers, a minor, who was then driving a car insured by Cascade. The court held that the Grange policy did not insure Roddel and that, accordingly, Cascade was liable under its policy to arbitrate the damage claim of Feathers.

In determining whether the omnibus clause in the Grange policy covers Roddel, the controlling question is whether Roddel at the time of the accident was engaged in "the actual use of the automobile . . . with the permission of . . ." Eschback.

The clause imposing liability contained in Cascade's policy provides:

> Cascade will pay all sums which the insured . . . shall be legally entitled to recover . . . from the owner or operator of an *uninsured automobile* because of bodily injury sustained by the insured, caused by accident and arising out of the . . . use of such uninsured automobile; provided, . . . determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and Cascade or, if they fail to agree, by arbitration.

(Italics ours.)

The omnibus clause contained in the Grange policy provides:

> 'insured' includes the named insured . . . and . . . any person while using the automobile and any person . . . legally responsible for the use thereof, provided the actual use of the automobile is by the named insured . . . or with the *permission* of . . .

the named insured. (Italics ours.) In order to determine whether the Eschback truck was an "uninsured automo-

bile" within the meaning of the uninsured automobile clause contained in Cascade's policy, it is necessary to determine whether Roddel drove the truck "with the permission of" Eschback as that term is used in the omnibus clause of the Grange policy. We must answer three principal questions: (1) What use of the truck was permitted to Mann by Eschback? (2) Was the truck at the time of the accident being put to the permitted use? (3) Did Eschback permit Mann to delegate the actual operation of the truck to Roddel?

That the answers to these questions are necessary becomes apparent from a consideration of six classes of cases, each class finding illustration in Washington decisions, some of which may fall in more than one class.

1. Liability is imposed on insurer because the named insured has expressly or impliedly permitted the use. *Safeco Ins. Co. of America, Inc., v. Pacific Indem. Co.,* 66 Wn.2d 38, 401 P.2d 205 (1965); *Thompson v. Ezzell,* 61 Wn.2d 685, 379 P.2d 983 (1963) (minor deviation of permitted use).

2. Liability is not imposed on the insurer because the named insured has not expressly or impliedly permitted the use. *Eshelman v. Grange Ins. Ass'n,* 74 Wn.2d 65, 442 P.2d 964 (1968) (employee; rule recognized); *McKee v. Garrison,* 37 Wn.2d 37, 221 P.2d 514 (1950); *Yurick v. McElroy,* 32 Wn.2d 511, 202 P.2d 464 (1949); *Hinton v. Carmody,* 186 Wash. 242, 57 P.2d 1240, 60 P.2d 1108 (1936); *Cypert v. Roberts,* 169 Wash. 33, 13 P.2d 55 (1932).

3. Liability is not imposed on the insurer because of major deviation from the express or implied use permitted by the named insured. *Foote v. Grant,* 56 Wn.2d 630, 354 P.2d 893 (1960) (employee); *Foote v. Grant,* 55 Wn.2d 797, 350 P.2d 870 (1960) (employee).

4. Liability is imposed on the insurer notwithstanding a minor deviation from express or implied use permitted by the named insured. *Western Pac. Ins. Co. v. Farmers Ins. Exch.,* 69 Wn.2d 11, 416 P.2d 468 (1966); *Wallin v. Knudtson,* 46 Wn.2d 80, 278 P.2d 344 (1955).

5. Liability is not imposed on the insurer because the named insured has given no express or implied permission to first permittee to delegate operation to second permittee. *Hunton v. McCarvel,* 65 Wn.2d 242, 396 P.2d 639 (1964) (family car); *Hamm v. Camerota,* 48 Wn.2d 34, 290 P.2d 713 (1955); *Holthe v. Iskowitz,* 31 Wn.2d 533, 197 P.2d 999 (1948); *Collins v. Northwest Cas. Co.,* 180 Wash. 347, 39 P.2d 986, 97 A.L.R. 1235 (1935).

6. Liability is imposed on insurer because the named insured has given express or implied permission to first permittee to delegate operation to second permittee. *Employers Mut. Liab. Ins. Co. v. Zurick Ins. Co.,* 67 Wn.2d 568, 409 P.2d 165 (1965); *Wood v. Kok,* 58 Wn.2d 12, 360 P.2d 576 (1961); *Odden v. Union Indem. Co.,* 156 Wash. 10, 286 P. 59, 72 A.L.R. 1363 (1930).[1]

Answering the three basic questions:

1. Eschback permitted Mann to use the truck to haul some material of his from his home to the high school, the truck then to be returned to Eschback. Instead, without Eschback's knowledge or permission, Mann used the truck with the assistance of certain fellow students to gather up and haul boxes for a bonfire to be held at his high school.

2. At the time of the accident, the truck, on its fifth or sixth trip, was being used for a use not authorized by Eschback.

3. Mann, contrary to Eschback's instructions, permitted the truck to be operated by Roddel, an unlicensed minor driver, for the same unauthorized use, the accident occurring while Mann sat in the front seat while the truck was being operated by Roddel.

---

[1] It is unnecessary for present purposes to determine whether a distinction should be made between a mere unauthorized delegation to operate and a prohibited delegation to operate, the authorities being divided. See, generally, Annot., 4 A.L.R.3d 10, 40 (1965). *Wallin v. Knudtson,* 46 Wn.2d 80, 278 P.2d 344 (1955) and *Eshelman v. Grange Ins. Ass'n,* 74 Wn.2d 65, 442 P.2d 964 (1968) distinguish cases dealing with employees from cases in which the relationship is more of a social nature.

The instant case falls within classes 2 or 3 and 5 above described.

■■ Roddel, therefore, was uninsured because he was not "engaged in the actual use of the automobile . . . with the permission of . . . " the named insured. *Wood v. Kok, supra,* principally relied on by the appellant, is distinguishable. In that case the use of the vehicle was a permitted one and the delegation of operation by the first permittee was held authorized. In the instant case, the use of the vehicle by both the first permittee and the second permittee was not a permitted use. In addition, delegation of operation to the second permittee was both unauthorized and forbidden.

■■■ Cascade contends, however, that even if Roddel is an uninsured driver under the Grange policy, the Grange policy did cover both Eschback and Mann so that Eschback's truck was not an "uninsured automobile." We do not agree. The Cascade policy defines "uninsured automobile" as:

> An automobile . . . with . . . no liability . . . insurance policy applicable at the time of the accident with respect to any person . . . legally responsible for the use of such automobile, . . .

Cascade construes the clause to mean that if "any person" is insured under the Grange policy there is no uninsured automobile. Grange contends that "any person" means that it is enough if the operator is uninsured in order to render Cascade liable. If the language in Cascade's policy is ambiguous, the ambiguity must be resolved against Cascade in order to promote the remedial purpose contemplated by Cascade's uninsured automobile clause. *Buck v. United States Fid. & Guar. Co.,* 265 N.C. 285, 144 S.E.2d 34 (1965); 7 Blashfield, Automobile Law and Practice, ¶ 274.10 at 75 (3d ed. 1962). *Buck,* it is true, involved only a named insured and an operator, whereas, the instant case also involves a first permittee. We do not think the distinction here is controlling. It should be remembered that the insured motorist status of Mann, the first permittee, was so

determined by the trial court's finding below, Cascade not having assigned error thereto. We have upheld the trial court's finding that Roddel was an uninsured motorist under the Grange policy but have done so because the truck use at the time of the accident was not a permitted use. This reason but for the unappealed from finding would require a holding that Mann was also uninsured. For the purpose of ruling upon Cascade's contention that the Eschback truck was not an uninsured automobile, we are required to apply the law of the land as we understand it even if it be inconsistent with the law applied below and acquiesced in by Cascade. Under the law of the land, Mann as well as Roddel was an uninsured motorist and accordingly under the doctrine of *Buck v. United States Fid. & Guar. Co.*, *supra,* the Eschback truck was an uninsured automobile. Were we precluded from applying the law of the land otherwise applicable, we, in effect, would be involved in a reversal of appellate and trial court functions. Such reversal of roles is neither contemplated nor required.

The judgment is affirmed.

UTTER and STAFFORD, JJ., concur.