[No. 5465–9–III.   Division Three.   December 4, 1984.]

GRANGE INSURANCE ASSOCIATION, *Appellant,* v. VELMA OCHOA, ET AL, *Respondents.*

*James M. Danielson, Susan Cawley,* and *Jeffers, Danielson, Sonn & Aylward,* for appellant.

*Richard McKinney,* for respondents.

GREEN, A.C.J.—John Figenshow operates a wholesale lumber and trucking business in Tonasket. His vehicles were insured by Grange Insurance Association. Among

those vehicles was a 1977 Chevrolet pickup which his employee, Alan Clifford, was permitted to drive in connection with the business and for his personal use.

On June 29, 1981, Mr. Clifford permitted his son Darin, who was age 15 and not licensed, to drive the pickup from a restaurant in Tonasket to their home to obtain his swimming trunks, a distance of about 3½ miles. Darin was told to go "right down and right back". However, Darin deviated 9½ miles from his route to pick up some friends and, while returning to the restaurant, failed to negotiate a curve causing injuries to Velma Ochoa, Anthony Carlson, Lizette Janine Williamson and Brenda Reeves.

On August 1 Velma Ochoa, through her guardian ad litem, commenced an action against the Figenshows and Cliffords to recover damages for her injuries. The defense was tendered to Grange Insurance. Grange then brought this action seeking declaratory judgment to determine coverage under the Figenshows' policy. Cross motions for summary judgment were filed. The court determined as a matter of law Alan Clifford was insured but Darin was not. The court also found Alan Clifford negligently entrusted the pickup to Darin, thereby proximately causing the injuries sustained in the accident which resulted from Darin's negligence. This appeal followed.

Initially, Grange objects to the court considering certain depositions which it alleges were taken in the underlying personal injury action filed by Velma Ochoa against the Figenshows and Cliffords. Since this objection was not made to the trial court, it will not be addressed here. See *Lamon v. McDonnell Douglas Corp.*, 91 Wn.2d 345, 352, 588 P.2d 1346 (1979); *Bernal v. American Honda Motor Co.*, 87 Wn.2d 406, 412 n.2, 553 P.2d 107 (1976). However, while the court entered an order certifying the matters considered on the motion for summary judgment,[1]

---

[1]The order which was submitted after the appeal was filed disposes of another contention by Grange that the precise matters considered by the trial court were not initially identified in the order on summary judgment. *See, e.g., Millikan v.*

that order does not list several of the depositions included in the record on appeal. Further, the order states the court "may have considered" other material, but "has no independent recollection of having done so." In summary judgment proceedings, this court may review only "the precise record—no more and no less—considered by the trial court." *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 816, 370 P.2d 867 (1962). We, therefore, have confined our review to those documents which the court stated were actually considered.

We now turn to the contentions concerning the court's orders on summary judgment. The parties appear to agree the question of insurance coverage revolves around the omnibus clause—whether Alan or Darin Clifford had Figenshow's implied permission to use the vehicle and whether the permission extended to its use at the time of the accident. Grange contends the court erred in ruling as a matter of law that Alan Clifford was an insured under the policy based upon Mr. Figenshow's statement that he would not have granted permission for Darin, an unlicensed driver, to use the pickup. Grange further asserts Darin exceeded any permission he may have had. Velma Ochoa, in her appeal, contends the permission given by Mr. Figenshow was broad enough to allow Alan to delegate the use of the pickup to Darin and, therefore, the court erred in determining Darin was not insured.

We conclude the court erred in separately considering the question of whether Alan and Darin Clifford were insureds under the policy. In our view either both or neither were insureds. Moreover, questions of fact exist on this issue which require reversal and remand for trial.

It is undisputed Mr. Figenshow did not grant express permission to Darin to use the vehicle. However, that fact alone does not preclude coverage; permission may

*Board of Directors,* 92 Wn.2d 213, 215, 595 P.2d 533 (1979); *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 370 P.2d 867 (1962); *House v. Hess Furniture, Inc.,* 33 Wn. App. 857, 657 P.2d 813 (1983).

be implied if Mr. Figenshow

> should [have] anticipate[d] that, in view of the scope and nature of the permission granted (even if less than unfettered dominion), and because of the permittee's [Alan's] relationship to another [Darin], the permittee [would] allow that other to use the car . . .

(Italics omitted.) *Safeco Ins. Co. of Am., Inc. v. Pacific Indem. Co.*, 66 Wn.2d 38, 45, 401 P.2d 205 (1965) (quoting *State Farm Mut. Auto. Ins. Co. v. Williamson*, 331 F.2d 517, 520 (9th Cir. 1964)). Other cases involving implied permission are *Employers Mut. Liab. Ins. Co. v. Zurich Ins. Co.*, 67 Wn.2d 568, 409 P.2d 165 (1965); *Hunton v. McCarvel*, 65 Wn.2d 242, 244, 396 P.2d 639 (1964); *Hamm v. Camerota*, 48 Wn.2d 34, 290 P.2d 713 (1955); *McKee v. Garrison*, 37 Wn.2d 37, 221 P.2d 514 (1950).

Here, there is no evidence Mr. Figenshow placed any restriction on Alan Clifford's use of the pickup. Reflecting on what he intended, Mr. Figenshow stated in his deposition that Alan had permission to use the pickup for business and personal purposes which included family use. Alan was authorized to delegate use of the pickup to other employees and, had he been married at the time, to his wife. The only reason Mr. Figenshow gave for not intending to include Darin as a permitted user was that Darin was not licensed. However, since the permission granted Alan included authority to allow other family members to use the car, it is irrelevant that Darin was unlicensed if his use was within the permission granted. *Wood v. Kok*, 58 Wn.2d 12, 360 P.2d 576 (1961). In that circumstance, Alan would be entitled to the same protection under the policy as Mr. Figenshow would have been had he permitted an unlicensed driver to use the automobile. "The object of automobile liability insurance coverage would be defeated if an insured was not afforded protection on occasions of his improvident or negligent conduct in the use of his automobile." *Wood v. Kok, supra* at 16. Hence, Alan was "using" the vehicle within Mr. Figenshow's permission and would be an insured when he delegated its use to his son if that

use was for a business or family purpose. *See Wood v. Kok, supra; Odden v. Union Indem. Co.,* 156 Wash. 10, 286 P. 59, 72 A.L.R. 1363 (1930); Annot., *Omnibus Clause of Automobile Liability Policy as Covering Accidents Caused by Third Person Who Is Using Car With Consent of Permittee of Named Insured,* 4 A.L.R.3d 10, 53 (1965); Annot., 160 A.L.R. 1195, 1205 (1946).

As noted, Darin's use of the pickup must have been within the permission granted, *i.e.,* for either a business or family purpose. *See Hunton v. McCarvel, supra; Holthe v. Iskowitz,* 31 Wn.2d 533, 544, 197 P.2d 999 (1948); *Grange Ins. Ass'n v. Eschback,* 1 Wn. App. 230, 460 P.2d 690 (1969). Further, a material deviation from the permission given by Alan to Darin would vitiate Mr. Figenshow's permission. *Eshelman v. Grange Ins. Ass'n,* 74 Wn.2d 65, 67, 442 P.2d 964 (1968); *Western Pac. Ins. Co. v. Farmers Ins. Exch.,* 69 Wn.2d 11, 15, 416 P.2d 468 (1966); *Yurick v. McElroy,* 32 Wn.2d 511, 202 P.2d 464 (1949); *Grange Ins. Ass'n v. Eschback, supra; see also Thompson v. Ezzell,* 61 Wn.2d 685, 690, 379 P.2d 983 (1963).

We find there are questions to be resolved. For example, was Darin's use within the same general nature as that authorized? Alan Clifford stated he would normally have driven Darin to pick up his swim trunks and to his friends' houses. On the other hand, he told Darin to go "right down and right back" to pick up his swim trunks. Did Alan have reason to expect Darin would vary from that route to pick up his friends on returning? When Darin asked to use the pickup, he told his father, "*We* are going swimming and I want to go get my swimming trunks." (Italics ours.) Finally, was the distance of 9½ miles to Darin's friends' houses in excess of what could be expected? Upon trial, if the court finds Darin materially deviated from the permission granted by his father, then there would be no coverage. On the other hand, if the court finds to the contrary, there would be coverage. Hence, we reverse the court determining as a matter of law the insured status of either Alan or Darin Clifford.

Grange also urges this court to reverse the trial court's finding as a matter of law that both Alan and Darin Clifford were negligent and such negligence was the proximate cause of the accident. Velma Ochoa concedes that this case, being one for declaratory judgment on insurance coverage, generally precludes a determination of negligence. However, it is argued the objection to the trial court was not specific enough to be considered on appeal.

The record shows Grange objected twice to the court resolving the negligence issues. Since those issues were not raised in the pleadings or evidence except for purposes of determining whether Alan and Darin Clifford were permissive users of the vehicle, the bases for Grange's objections are apparent and are sufficient for review. *See Crossen v. Skagit Cy.*, 100 Wn.2d 355, 358–59, 669 P.2d 1244 (1983). We further agree with Grange that the negligence issues should not have been determined in this action but are best left to the trier of fact in the underlying personal injury action.

Reversed.

MCINTURFF and THOMPSON, JJ., concur.